UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR HERRERA and<br>JESSICA HERRERA,<br><br>   Plaintiffs,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY<br>and JEREMY ROBERT,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:24-CV-2679-B<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AmGuard Insurance Company ("AmGuard")'s 12(b)(6) Motion to Dismiss All Claims Against Jeremy Robert (Doc. 6). For the following reasons, the Court **GRANTS** AmGuard's Motion and **DISMISSES** all claims against Defendant Jeremy Robert **WITHOUT PREJUDICE**.

I.

BACKGROUND

This is an insurance dispute. Plaintiffs Oscar and Jessica Herrera ("the Herreras")'s allege their property was damaged by a voltage surge. Doc. 1-5, Pet., ¶ 1. They filed an insurance claim with AmGuard. Some of the insurance estimates designate hail as the cause of the damage. *See* Doc. 1-6, Ex. 3, 15; Doc. 1-8, Ex. H, 29.[1] Defendant Jeremy Robert was the field adjuster for the Herreras' claim. Doc. 1-5, Pet., ¶ 17. AmGuard did not fully or timely pay the Herreras' claim. *Id.* ¶ 22. The Herreras brought several claims against AmGuard and Jeremy Robert in Texas state court. *See id.*

---

[1] The citations to Exhibits refer to the pagination on the Electronic Case Files system.

¶¶ 20–89. Specifically, they sued Robert for unfair settlement practices in violation of the Texas Insurance Code, *id.* ¶¶ 59–73, failure to make prompt payment in violation of the Texas Insurance Code, *id.* ¶¶ 74–77, independent injury and independent loss of benefits, *id.* ¶¶ 78–82, violations of the Texas Deceptive Trade Practices-Consumer Protection Act, *id.* ¶¶ 83–86, and the benefits loss rule, *id.* ¶¶ 87–89. They brought the same claims against AmGuard. *See id.* ¶¶ 20–47.

Texas Insurance Code § 542A.006 allows an insurer to elect to accept complete legal responsibility for an adjuster's acts or omissions related to an insurance claim. TEX. INS. CODE § 542A.006(a). Before the Herreras filed suit, AmGuard elected to accept full responsibility for Jeremy Robert. *See* Doc. 1-7, Ex. G, 8 (electing to accept Robert's responsibility on March 15, 2024); Doc. 1-4, Pet. (filed June 20, 2024). AmGuard now moves to dismiss all claims against Jeremy Robert. Doc. 6, Mot., 1. The Court considers AmGuard's Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (citation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Federal district courts possess diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the

parties. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, which requires "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted).

When complete diversity is lacking, a defendant may nevertheless remove a case to federal court if the defendant who destroys diversity is improperly joined. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A court must find, "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party," that the plaintiff has no reasonable basis for recovering from the defendant in state court. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citations omitted). "[T]he district court must examine the plaintiff's possibility of recovery against that defendant at the time of removal." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (emphasis omitted).

While this standard is like the Rule 12(b)(6) standard, a court considering the improper joinder doctrine may "pierce the pleadings and consider summary judgment-type evidence in the record," but it must consider "all unchallenged factual allegations . . . in the light most favorable to the plaintiff." *Id.* at 649. A district court may pierce the pleadings and conduct a summary inquiry "when a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022).

## III.

## ANALYSIS

The Court dismisses all claims against Jeremy Robert because he was improperly joined. There is no possibility of recovery against Robert because AmGuard elected to accept complete legal responsibility for Robert's acts or omissions related to the Herreras' insurance claim. Under Texas

law, an insurer may elect to accept complete legal responsibility for an adjuster's acts or omissions related to an insurance claim caused by a "force[] of nature." TEX. INS. CODE § 542A.001(2)(C); *id.* § 542A.006(a)–(c). If an insurer makes this election before a plaintiff sues an adjuster, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). Therefore, an adjuster is improperly joined if the insurer makes such an election. *See Acadia Ins. Co.*, 50 F.4th at 474 (holding that an insurance adjuster was improperly joined after the insurer's election to accept responsibility for the adjuster "because § 542A.006's mandate that an agent be dismissed with prejudice dictates that [the insured] had no possibility of recovery against [the adjuster]").

Here, the Court finds Robert was improperly joined. AmGuard elected to accept full legal responsibility for its adjusters for claims related to the Herreras' claim before the Herreras filed suit. *See* Doc. 1-7, Ex. G, 8. Thus, if § 542A applies, Robert was improperly joined. The Herreras claim that § 542A.006 does not apply because it only applies to claims made for damage caused by "forces of nature," and their claim arose from an "electrical event." Doc. 9, Resp., 4–5; TEX. INS. CODE § 542A.001(2)(C). Because the Court's subject-matter jurisdiction depends on whether Robert was improperly joined, the Court exercises it discretion to pierce the pleadings and conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude [the Herreras'] recovery against [Robert]." *Flagg*, 819 F.3d at 136–37.

Section 542A applies to the Herreras' claim because multiple insurance estimates designate the cause of damage as hail. *See* Doc. 1-6, Ex. 3, 15; Doc. 1-8, Ex. H, 29. While the Herreras argue that they did not allege in their petition that the damage was caused by a force of nature, they do not dispute the authenticity of the multiple claim records that label their "type of loss" as "hail and wind damage." Doc. 1-6, Ex. 3, 15; *see also* Doc. 1-8, Ex. H, 29. And they offer no evidence to the

contrary. The Court finds this evidence constitutes "discrete and undisputed facts that would preclude" the Herreras' recovery from Robert. *See Flagg*, 819 F.3d at 137. Accordingly, the Court dismisses Robert without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206 (5th Cir. 2016) ("In the context of improper joinder, . . . . any claim against an improperly joined nondiverse defendant must be dismissed without prejudice.").

The Herreras make several arguments for why Robert should not be dismissed, but all fail. First, they argue AmGuard has not met its burden under Rule 12(b)(6) to show that § 542A.006 applies, because AmGuard cites only to letters that its own counsel wrote to show the Herreras' damages were caused by a force of nature. Doc. 9, Resp., 4–5. This is incorrect. As the Court discussed above, AmGuard attached undisputed evidence to its Notice of Removal indicating that the Herreras' claim arose in part from hail. *See* Doc. 1-6, Ex. 3, 15; Doc. 1-8, Ex. H, 29.

They further argue that AmGuard cannot move to dismiss Robert because Robert himself must move for dismissal. Doc. 9, Resp., 9–10. But because the Court has an independent duty to determine whether it has subject-matter jurisdiction, it must decide whether Robert was improperly joined regardless of who filed the Motion. *See Smallwood*, 385 F.3d at 575 n.20.

Finally, the Herreras contend AmGuard did not move to dismiss every claim they asserted against Robert. Doc. 9, Resp., 10. AmGuard claims that its Motion to Dismiss applied to the Herreras' Chapter 542A claims, which include "claims for breach of contract, misrepresentation, and violations of Chapters 541 and 542." *Id.* (quoting Doc. 6, Mot., 4). The Herreras asserted claims for independent injury that fall outside of Chapters 541 and 542 of the Texas Insurance Code, so they argue AmGuard did not move to dismiss these claims against Robert. *Id.* Because a timely § 542.006A election requires dismissal of all claims against an adjuster that are *related* to a plaintiff's

insurance claim, this argument fails. *See* TEX. INS. CODE § 542A.006(a); *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *2 (W.D. Tex. Apr. 22, 2019) (dismissing the adjuster because the insurer elected to accept the adjuster's liability for claims "*relating to* [plaintiff's] insurance claim—which . . . would be all of [plaintiff's] claims against [the adjuster]" (emphasis added)).

Instead, § 542A.006's text suggests a broad application. It provides that "in an action to which [Chapter 542 of the Texas Insurance Code] applies," an insurer may "elect to accept *whatever liability an agent might have to the claimant*." TEX. INS. CODE § 542A.006(a) (emphasis added). If an insurer makes such an election before a plaintiff sues, and "a claimant files an action to which [Chapter 542 of the Texas Insurance Code] applies . . . , the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(a)–(c).

Here, each of the Herreras' claims against Robert—including those outside the Texas Insurance Code—relate to their insurance claim. *See* Doc. 1-5, Pet., ¶¶ 59–97. First, their claim for "independent injury and independent loss of benefits" asserts that Robert's acts "caused Plaintiffs to lose benefits that they otherwise would have had under the insurance policy." *Id.* ¶ 80. Second, their claim for "the Benefits Loss Rule . . . seek[s] damages sustained due to Robert's actions . . . for both covered and uncovered damages, even if the policy allegedly does not cover" them. *Id.* ¶ 88. These claims relate to the damages the Herreras seek to remedy in their insurance claim, so they must be dismissed under § 542A.006(c). *See Hwang v. Liberty Ins. Corp.*, No. 4:19-CV-1562, 2020 WL 13881306, at *3 (S.D. Tex. Oct. 2, 2020) (dismissing all claims against an adjuster, including claims falling outside the Texas Insurance Code, because "once an insurer elects to accept whatever liability an agent might have to the insured, the action against the agent must be dismissed with prejudice").

Accordingly, Jeremy Robert was improperly joined, and the Court dismisses him without prejudice. *See Int'l Energy Ventures*, 818 F.3d at 206 ("[A]ny claim against an improperly joined nondiverse defendant must be dismissed without prejudice."). AmGuard's Motion to Dismiss is **GRANTED**.

## IV.

## CONCLUSION

AmGuard's Motion to Dismiss All Claims Against Jeremy Robert (Doc. 6) is **GRANTED**. Because the Court lacks subject-matter jurisdiction over Jeremy Robert, he is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: April 10, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE